IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANTWON T. MOONEY                                                    PLAINTIFF

V.                         CASE NO. 2:18-CV-127-BD

SOCIAL SECURITY ADMINSTRATION                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Antwon T. Mooney has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

**I.    Background:**

In 2015, Mr. Mooney alleged inability to work because he was a slow learner and he had a rod in his left leg from a gunshot wound. (Tr. 20, 39, 41-42, 54, 181) After a hearing, an administrative law judge (ALJ) issued an unfavorable decision denying Mr. Mooney's claim. (Tr. 20-31) In February 2018, the Appeals Council denied review, and Mr. Mooney appealed to this Court. (Tr. 6-10) (Docket entry #11)

Mr. Mooney was 24 years old at the time of the hearing before the ALJ.  (Tr. 40) He had completed the eleventh grade in special education classes. (Tr. 30, 42, 182) He lived with his mother (Tr. 40) and had no past work experience (Tr. 42-43).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #4)

## II. The ALJ's Decision:

The ALJ[2] determined that Mr. Mooney had not engaged in substantial gainful activity since March 31, 2015.[3] His joint dysfunction and intellectual disability were both deemed severe impairments; but, he did not have an impairment or combination of impairments that met a listed impairment. (Tr. 22-26) The ALJ further found that Mr. Mooney's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible because they were not consistent with the medical evidence. (Tr. 27)

Based on these findings, the ALJ concluded that, during the relevant time period, Mr. Mooney retained the residual functional capacity (RFC) for sedentary work where interpersonal contact is incidental to the work performed. "Incidental" in this context would mean that interpersonal contact would require limited interaction, such as meeting and greeting the public, answering simple questions, accepting payment and making change. The complexity of tasks assigned to Mr. Mooney would have to be learned by demonstration or repetition within 30 days, with few variables, and with little required judgment. Supervision would have to be simple, direct and concrete. (Tr. 26-30)

The ALJ relied on the testimony of a Vocational Expert (VE) to find at step 5 to find, based on Mr. Mooney's age, education, work experience and RFC, that he could perform assembly and inspector jobs available in the national economy. (Tr. 30) The VE

---

[2] The Honorable Mark Ferguson.

[3] At the hearing, Mr. Mooney amended his onset date to March 31, 2015. (Tr. 39)

identified fishing reel assembler, described in the Dictionary of Occupational Titles (DOT) 732.684-062, as an unskilled, sedentary job that Mr. Mooney could perform. (Tr. 31) The ALJ determined, therefore, that Mr. Mooney was not disabled. (Tr. 31)

## III. Discussion:

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the decision is free of legal error. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018); *see also* 42 U.S.C. § 405(g). Substantial evidence in this context means relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Id.* (*citing Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (other citation omitted). Substantial evidence on the record *as a whole* means that the court must take into account record evidence that both supports and detracts from the ALJ's decision. *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 557 (8th Cir. 2018) (citation omitted). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009) (citations omitted).

### A. Issue on Appeal

Mr. Mooney raises one issue on appeal. He claims that the ALJ erred by failing to resolve a conflict between the assigned RFC, the VE's testimony, and the DOT. He cites Social Security Ruling 00-4p in support of his argument. (#11) More specifically, he complains that the ALJ erred by relying on the VE's testimony that someone with his RFC could perform the job of fishing reel inspector, which has a special vocational preparation (SVP) level of two, even though he was limited to performing jobs with an

SVP level of one. The Commissioner contends that substantial evidence supports the decision that Mr. Mooney was not disabled, because the ALJ properly relied on the VE's testimony.

**B.     Step Five**

At the hearing, the following exchange occurred between the ALJ and VE:

BY THE ADMINISTRATIVE LAW JUDGE:

Q:     All right, Mr. Turner. We don't have any past relevant work to consider. I'll move straight ahead to hypotheticals. I'd like for you to consider an individual who is 24 years of age with a high school education and no work experience. Assume the individual can perform work at the light exertional level. Non-exertionally, he's able to perform work with interpersonal contact as incidental to the work performed. Incidental being defined as interpersonal contact requiring a limited degree of interaction such as meet and greeting public, answering simple questions, accepting payment, making change. And the complexity of tasks can be learned by demonstration or repetition within 30 days with few variables, little judgment. And the supervision required is simple direction, concrete. Given those limitations, would you be able to identify any appropriate occupations?

A:     Yes, Your Honor. This person you described to me could do work such as a motel cleaner. The DOT for that is 323.687-014. That is unskilled, light work with an SVP 2. And there's over 350,000 in the national economy. And then this person you described could do assembly work at the unskilled, light level such as plumbing hardware assembler 706.684-086, SVP 2, unskilled, light. In the national economy of various types of assembly jobs at that level, over 50,000.

Q:     If we reduce the exertional level to sedentary but otherwise [keep] the hypothetical the same, would you be able to identify occupations?

A:     Your honor, there would be like there are assembly jobs and there are inspector jobs. Approximately 50 to 60,000 nationally. I'll give one example of a fishing reel assembler, 732.684-062, unskilled, light, I mean unskilled, sedentary.

(Tr. 50-51) Based on the above testimony, the ALJ found, at step five, that Mr. Mooney was not disabled.

Mr. Mooney complains that the ALJ erred by not asking the VE to resolve an apparent conflict between his RFC (which he claims limits him to SVP level-one jobs) and the job identified by the VE, which the DOT defines as an SVP level-two job.

SVP sets out the time required by a typical worker to learn the techniques and to acquire the information necessary to perform the job in an average manner. *See* Appendix B, Specific Vocational Preparation, SCODICOT. SVP level-two is defined in the regulations as "anything beyond short demonstration up to and including 30 days." 20 C.F.R. §656.3. Level-one is defined as, "short demonstration only." Appendix C, Specific Vocational Preparation, SCODICOT. Additionally, level-two reasoning requires that the claimant have the ability to apply "commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id*.; see also *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). Level-one reasoning, by contrast, requires that the claimant be able to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situation with occasional or no variables in or from these situations encountered on the job." *Id*.

Mr. Mooney contends that the ALJ found that he had the RFC to perform only jobs with a level-one SVP. This contention is not accurate. The ALJ found that Mr. Mooney could perform jobs where "complexity of tasks can be learned by *demonstration* or repetition *within 30 days*, *few variables*, little judgment; and supervision required is

*simple*, direct and concrete." [Emphasis added.] This assessment mirrors the language defining SVP level-2 jobs. (Tr. 26) 20 C.F.R. §656.3.

Further, as noted, the ALJ asked the VE to consider a hypothetical individual who could perform jobs at SVP level 2 where, "the complexity of task can be learned by *demonstration or repetition within 30 days with few variables*, little judgment." There was not an apparent unresolved conflict for the ALJ to resolve.

Mr. Mooney relies on *Thomas v. Berryhill*, 881 F.3d 672 (8th Cir. 2018) and *Cessor v. Colvin*, No. 6:15-CV-06050, 2016 WL 616490 (W.D. Ark. 2016) to support his arguments, but both cases are distinguishable. In *Thomas*, the ALJ found that the claimant could perform unskilled, sedentary work limited to the complexity of rote "1 to 2 step tasks" that involved "few variables and little judgment." *Id*. at 676. The VE found that she could perform two jobs: new accounts clerk and machine-tending. *Id*. Based on the VE's testimony, the ALJ found that the claimant was not disabled. The Commissioner conceded that the VE had erred in suggesting that machine-tending was suitable work. Thus, the court focused on whether the claimant could perform the job of new accounts clerk. *Id*. at 677. Ultimately, the Court held that, because the ALJ had limited the claimant to one-to-two step tasks and because working as a new accounts clerk required SVP level 3 reasoning, there was an unexplained conflict between the expert's testimony and the DOT. *Id*. at 678. Thus, by incorporating the DOT definition of level-one reasoning into the RFC, the ALJ had indicated that the claimant could perform only occupations at that reasoning level. The case was remanded for resolution of the apparent conflict. *Id*.

Unlike the facts in *Thomas*, there is no apparent conflict here between the VE's identification of the job of fishing reel inspector, which is an SVP level 2 job, and the ALJ's finding that Mr. Mooney could perform a job where the complexity of the task is learned by demonstration or repetition within 30 days. *See* DOT Appendix C, III, 01-02 Level Reasoning Development, 1991 WL 688702 (learning time for SVP 1 occupations is a short demonstration only and for SVP 2 occupations it is anything beyond short demonstration up to and including 1 month.) The ALJ specifically incorporated the language of SVP 2 into the RFC and the hypothetical when he limited Mr. Mooney to tasks that can be learned by demonstration or repetition within 30 days, with few variables and little judgment.

Mr. Mooney also relies on *Cessor v. Colvin*, 2016 WL 616490 (W.D. Ark. 2016), where the claimant argued that the VE testimony could not be relied upon, because it conflicted with the DOT. In that case, the ALJ found that Ms. Cessor could perform three occupations that the DOT stated required an SVP 2 skill-level. The ALJ found the claimant had the RFC for "simple job instructions learned by short demonstration or by rote," which the court concluded limited her to SVP 1 occupations. *Cessor*, 2016 WL 616490 at 3. Because the ALJ failed to resolve this conflict, the Court remanded the case.

*Cessor* is not applicable to this case, because here there is not an obvious conflict between the ALJ's finding that Mr. Mooney could perform jobs with "few variables and little judgment" and the requirements for the occupation of fishing reel inspector, which is classified as an SVP 2 occupation requiring that the individual "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and

"[d]eal with problems involving a few concrete variables." (Tr. 26) See DOT 732.684-062, 1991 WL 679850; Appendix C, III, 01-02 Level Reasoning Development, 1991 WL 688702.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly relied on the VE's testimony to conclude at step five that there are a significant number of jobs available in the national economy that Mr. Mooney can perform. The finding that Mr. Mooney was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

IT IS SO ORDERED this 13th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE